UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 08-20678-CIV-GOLD/McALILEY

DEMETRIUS BROWN, d/b/a MANCHILD,
individually,

    Plaintiff,

v.

SOUTH FLORIDA FISHING
EXTREME, INC., a Florida Corporation
and SCOTT SHANE, individually,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; CLOSING CASE

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss [DE 8], filed on April 30, 2008. Plaintiff did not file a response or otherwise oppose the motion. I have reviewed the Complaint and the motion, as well as the relevant case law, and have determined that oral argument is not necessary, and that the motion must be granted.

I.    Standard of Review

In determining whether to grant a motion to dismiss, the court must accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *Hoffend v. Villa*, 261 F.3d 1148, 1150 (11th Cir. 2001).

Although a plaintiff need not state in detail the facts upon which he bases his claim, Fed. R. Civ. P. 8(a)(2) "still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 n.3 (2007). In other words, a plaintiff's pleading obligation requires "more than labels and conclusions."

*Id.* at 1964-65; *see also Pafumi v. Davidson*, No. 05-61679-CIV, 2007 WL 1729969, at *2 (S.D. Fla. June 14, 2007). The previous standard that there be "no set of facts" before a motion to dismiss is granted has thus been abrogated in favor of the requirement that a pleading must be "plausible on its face." *Bell Atl.*, 127 S. Ct. at 1968, 1974 (discussing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also*, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) ("While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because it strikes a savvy judge that actual proof of those facts is improbable, the factual allegations must be enough to raise a right to relief above the speculative level.") (citing *Bell Atl.*, 127 S. Ct. at 1965) (internal quotations omitted)). In order to survive a motion to dismiss, the Plaintiff must have "nudged [its] claims across the line from conceivable to plausible." *Bell Atl.*, 127 S. Ct. at 1974.

Generally, the court may only consider the allegations within the four-corners of the complaint, and any documents attached thereto. *Bickley v. Caremark Rx, Inc.*, 461 F.3d 1325, 1329 (11th Cir. 2006). However, the Eleventh Circuit has announced several exceptions to this rule. *See Long v. Slaton,* 508 F.3d 576, 578 (11th Cir. 2007) ("At the 12(b)(6) stage, we primarily consider the allegations in the complaint, but the court is not always limited to the four corners of the complaint.") (internal quotations omitted). Under these exceptions, "a court may take judicial notice of the public record on a motion to dismiss without converting the motion to a motion for summary judgment." *Makro Capital of Am., Inc. v. UBS AG,* 436 F. Supp. 2d 1342, 1350 (S. D. Fla. 2006) (citing *Universal Express, Inc. v. SEC*, 177 Fed. Appx. 52, 2006 U.S. App. LEXIS 9705, 2006 WL 1004381, at *1 (11th Cir. 2006) ("[p]ublic records are among the permissible facts that a district court may consider" on a motion to dismiss) (citation omitted)). Official Certificates of

Registration from the U.S. Copyright Office are public records that may be considered in the instant motion without converting it into a motion for summary judgment.

II.     Analysis

In the Complaint, Plaintiff alleges that he is the owner of copyrighted music compositions. He purports to bring this action to stop Defendants from continuing to encourage, enable, and profit from infringements of Plaintiff's copyrighted works of several songs written and produced by Plaintiff on a fishing television show called "The Bite."

The Copyright Act, 17 U.S.C. § 101 *et seq.*, entitles the legal or beneficial owner of a copyright "to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b). To prevail on a copyright infringement action, the plaintiff must establish that it owns the copyright allegedly being infringed. *Imperial Residential Design v. Palms Dev. Group*, 70 F.3d 96, 99 (11th Cir. 1995) (citing *Se. Bell Tel. & Tel. Co. v. Associated Tel. Directory Publishers*, 756 F.2d 801, 810 (11th Cir.1985). Here, while the Plaintiff conclusory alleges that he is the owner of the copyrights at issue in this litigation, the exhibits attached to the Complaint, as well as the Certificates of Registration obtained by Defendants from the U.S. Copyright Office, show that he is not. I need not accept as true conclusory allegations that are self-contradicted by documents attached to Plaintiff's complaint. *See generally BP Prods. N. Am., Inc. v. Super Stop 79, Inc.*, 464 F. Supp. 2d 1253, 1256 (S.D. Fla. 2006). These documents establish that the owner of the copyrights at issue in this case is "Serious Music, Inc.", and not the Plaintiff. For this reason, and noting that Plaintiff has not opposed Defendants' Motion, it is hereby

ORDERED AND ADJUDGED:

1. Defendants' Motion to Dismiss [DE 8] is GRANTED.

2. Oral argument on this matter, previously scheduled for July 11, 2008 at 10:00 a.m., is CANCELLED.

3. All other motions are DENIED as moot.

4. The Clerk of Court is instructed to CLOSE this case.

DONE AND ORDERED in Chambers at Miami, Florida this 27 day of June, 2008.

THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc:
U.S. Magistrate Judge Chris M. McAliley
Counsel of Record